989 F.2d 496
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Sheila MCGOUGH, Defendant-Appellant.
United States of America, Plaintiff-Appellee,
v.
Sheila McGough, Defendant-Appellant.
 Nos. 92-6180, 92-6429.
 United States Court of Appeals,
Fourth Circuit.
 Argued: February 4, 1993
Decided: March 8, 1993
 
 Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert V. Bryan, Jr., Senior District Judge. (CR-90-301-A)
 Stuart E. Abrams, BENDER & FRANKEL, New York, New York, for Appellant.
 Mark Joseph Hulkower, Assistant United States Attorney, Alexandria, Virginia, for Appellee.
 Richard Cullen, United States Attorney, Alexandria, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before POWELL, Associate Justice Retired, United States Supreme Court, sitting by designation, and RUSSELL and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Sheila McGough is a Virginia attorney who was convicted of conspiring with her client, Bob E. Bailes, to defraud investors in connection with the sale of fraudulent insurance charters. Following an unsuccessful appeal of her conviction related to this conspiracy, see United States v. McGough, No. 91-5511 (4th Cir. Dec. 12, 1991) (unpublished), McGough filed two separate motions for new trial with the district court. The court denied both motions. McGough appealed the denial of each of these motions, and her appeals have been consolidated into the instant action. On appeal, McGough contends that the district court applied the wrong legal standard in considering her motions for new trial. Alternatively, McGough asserts that the district court erred in denying her motions for new trial and for an evidentiary hearing. Finding no error, we affirm.
 
 
 2
 * On January 13, 1992, McGough moved for a new trial pursuant to Fed. R. Crim. P. 33, on the basis of: (1) the government's knowing use of false evidence; (2) the prosecutor's suppression of exculpatory evidence; and (3) newly discovered evidence. On February 5, 1992, Judge Bryan denied McGough's motion in a persuasive ten-page memorandum opinion. Judge Bryan determined that an evidentiary hearing was unnecessary because the record was "ample enough to enable the court to resolve the issues presented by the motion for new trial." (J.A. 17). Judge Bryan denied McGough's motion for new trial, noting that "this was not a close case" and that the evidence against McGough was "all but overwhelming." Id.
 
 
 3
 On April 14, 1992, McGough again moved for a new trial. In this motion McGough offered additional information which she contended showed that the government had failed to disclose exculpatory evidence specifically requested by McGough's defense counsel prior to trial. Judge Bryan denied this motion on April 17, 1992, again by written opinion. He concluded that the newly discovered evidence in McGough's second motion was the same type of evidence offered in the first, and that none of the proffered evidence would be likely to produce an acquittal on a new trial.
 
 II
 
 4
 Judge Bryan conducted a searching and complete review of McGough's claims of newly discovered evidence, and rejected each one in turn. We see no need to repeat McGough's specific claims here, as we agree with the district court's treatment of McGough's claims in its memorandum opinions dated February 5, and April 17, 1992. After a full review of the record and the arguments of counsel, we are persuaded that the district court did not err in denying McGough's motions for new trial. Similarly, the district court did not abuse its discretion in denying McGough's motion for an evidentiary hearing.
 
 
 5
 Ultimately, Judge Bryan's conclusions rest on factual determinations regarding the value of McGough's asserted new evidence. We do not find these factual assessments to be clearly erroneous. Accordingly, the decision of the court below is
 
 
 6
 AFFIRMED.